# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

Sam Roberts, individually and on
behalf of all others similarly situated,

            Plaintiff,                        CA No.: 4:23-cv-951

v.

                                              Collective Action

Reliant Termite & Pest Control, Inc.

            Defendant.

_____/

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Sam Roberts ("**Plaintiff**") brings this action individually and on behalf of all others similarly situated against Defendant Reliant Termite & Pest Control, Inc. ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

   1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

   1.2. It is also a breach of contract lawsuit.

1.3.  Defendant employed Plaintiff and other Collective Members as "Pest Control Technicians" whose primary job duties involved servicing Defendant's pest control customers.

1.4.  Per their respective employment agreement Defendant was required to pay the Pest Control Technicians an hourly rate, a commission on all sales and renewal fees.

1.5.  The terminate renewal inspection fees were not paid.

1.6.  The commissions were not included in the calculation for the overtime premium.

1.7.  Defendant violated the FLSA by failing to include all required remuneration into the regular rate of pay to calculate overtime for any overtime pay it managed to pay Plaintiff and the Collective Members. The payments erroneously excluded from the regular rate of pay include the commissions and the renewal fees ("**Additional Pay**"). Defendant's failure to include Additional Pay into Pest Control Technicians' regular rate to calculate and pay overtime ("**Overtime Miscalculation Policy**") violated the FLSA.

1.8.  Defendant also failed to accurately track hours worked as one hour for lunch was automatically deducted when in fact the Pest Control Technicians were not able to take an uninterrupted lunch break and in fact worked during their alleged lunch break.

2.  **Parties.**

2.1. Plaintiff worked for Defendant in Crowley, Texas in the three years preceding the filing of this case. Defendant specifically employed Plaintiff as a Pest Control Technician from approximately March 2020 to June 2023. Plaintiff's consent to participate in this case is filed as an exhibit to this Complaint.

2.2. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("**Collective Members**"). The Collective Members consist of all persons who are or have been employed by Defendant as Pest Control Technicians at any time during the three-year period preceding the date of the filing of this Complaint.

2.3. Defendant is a Texas corporation with its principal office located at 308 S. Hampton Road Crowley, TX 76036.

3. **Jurisdiction and Venue.**

3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant carries on substantial business in the Northern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

3.4.  The Court has supplemental jurisdiction over the state law claims.

**4.  Coverage.**

4.1.  At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Collective Members.

4.2.  At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3.  At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4.  At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Collective Members specifically handled and used materials that traveled in interstate commerce, including telephone equipment and pest control products to sell Defendant's customers.

4.5. At all times hereinafter mentioned, Plaintiff and the Collective Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

4.6. Defendant is a pest control company. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

4.6.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.6.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.6.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

4.6.4. The United States postal system to send mail across state lines; and

4.6.5. the interstate banking systems to pay Defendant's employees.

4.7. In part, because Plaintiff and the Pest Control Technicians were paid hourly and on a Commission Basis, none of the "exemptions" to the FLSA apply.

## 5. Factual Allegations.

5.1. Plaintiff worked for Defendant as a Pest Control Technician for Defendant from approximately March 2020 to June 2023.

5.2. As a Pest Control Technician, Plaintiff's primary job duties consisted of servicing Defendant's customers.

5.3. Plaintiff was paid hourly and received a commission.

5.4. Plaintiff worked over 40 hours per week. He was paid overtime for weeks in which he worked more than 40 hours.

5.5. The commissions Plaintiff received were not counted in computing his regular rate. Thus, his overtime premium was incorrect.

5.6. Even without accounting for commission the overtime rate was not correctly computed.

5.7. For example, for the pay period ending October 7, 2021, Plaintiff was paid for 42.82 hours. 40 hours at the straight time rate of $13.50 per hour, 2.82 overtime hours at the overtime rate of $18.00 per hour and commissions of $169.07. The overtime rate was incorrect because it did not include the commissions in the regular rate to determine the overtime rate.

5.8. Defendant willfully failed to pay overtime to Plaintiff and the Collective Members despite having awareness of the FLSA's overtime requirements. Specific facts exposing that Defendant willfully violates/violated the FLSA include the fact that Defendant (1) instituted and enforced the Overtime Miscalculation Policy.

5.9. Plaintiff had a written employment agreement by which he was to be paid Commissions on all sales and terminate renewal inspections (the "Employment Agreement").

5.10.    Defendant did not calculate Plaintiff's commissions correctly per the Employment Agreement.

5.11.    Defendant did not pay any termite renewal inspection commissions.

5.12.    Thus, Defendant failed to pay all commissions and renewal fees that were due under the Employment Agreement (the "Unpaid Compensation"). This failure is a breach of the Employment Agreement.

**6. Collective Action Allegations.**

6.1. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

6.2. The Collective Members are similarly situated to Plaintiff in terms of job duties and pay provisions. Plaintiff and the Collective Members all serviced Defendant's pest control customers. Plaintiff and the Collective Members were also subjected to the same illegal pay provisions: the Overtime Miscalculation Policies that failed to pay the Pest Control Technicians one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the Collective Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.3. The pay policies for all Pest Control Technicians were the same.

6.4. Defendant uniformly applied its pay policies to all Pest Control Technicians.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend

on the personal circumstances of the Collective Members. Thus, Plaintiffs' experience is typical of the experience of the Collective Members. All Collective Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Collective Members.

**7. Cause of Action One: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiffs and the Collective Members in accordance with the law. *See e.g.* 5.6 *supra*.

**8. Cause of Action Two: Breach of Contract.**

8.1.  Plaintiff performed his obligations under the Employment Agreement.

8.2.  Defendant breached the Employment Agreement by failing to pay Plaintiff the Unpaid Compensation.

8.3.  The breach was material because Defendant did not substantially perform material obligations required under the Employment Agreement in that it did not pay the Unpaid Compensation.

8.4.  Defendant's breach of the Employment Agreement caused the following damages to Plaintiff:

8.4.1.  Unpaid Compensation in an amount to be determined by the jury; and

8.4.2.  Costs and attorneys' fees.

## 9.  Litigation Hold.

9.1.    Plaintiff requests that Defendant take action to preserve all potentially relevant documents and ESI and to prevent the deletion or spoliation of any evidence.

## 10. Relief Sought.

10.1.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

10.1.1.  An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Collective Members;

10.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Collective Members;

10.1.3. An Order approving the form and content of a notice to be sent to all potential Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

10.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

10.1.5. All unpaid wages and overtime compensation;

10.1.6. Damages for breach of contract.

10.1.7. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

10.1.8. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

10.1.9. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

10.1.10.    Such other relief as to which Plaintiff may be entitled.

Respectfully submitted:

By     /s/ Chris R. Miltenberger
          Chris R. Miltenberger
          Texas State Bar Number 14171200
          Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

COLLECTIVE ACTION COMPLAINT